Gail HANCICH, Plaintiff-Appellant,

v.

Michael GOPOIAN, Catherine M. Gopoian, Albo, Inc., and Robert J. Jagoda, Defendants-Appellees.

No. 1055, Docket 86–7535.

United States Court of Appeals, Second Circuit.

Submitted March 25, 1987.

Decided April 8, 1987.

F. Woodward Lewis, Jr., Yalesville, Conn., for plaintiff-appellant.

Thomas T. Lonardo, Meriden, Conn. (James M.S. Ullman, Meriden, Conn., of counsel), for defendants-appellees.

Before KAUFMAN and PIERCE, Circuit Judges, and LASKER, District Judge.*

PIERCE, Circuit Judge:

Gail Hancich appeals from a judgment entered in the United States District Court for the District of Connecticut (Eginton, *Judge*) dismissing her complaint brought pursuant to 42 U.S.C. § 1983 for failure to state a claim upon which relief could be granted. We affirm.

In 1982, appellant entered into an oral month-to-month lease with the appellees to rent a lot at Gopoian's Mobile Home Park in Wallingford, Connecticut; she had purchased the mobile home on the subject lot. Soon after she took possession, the Quinnipiac River flooded the park, damaging appellant's mobile home and rendering it uninhabitable for two and one-half months. During this period, appellant did not tender rental payments to appellees. When she later tendered payment of her back rent, appellees refused to accept it, choosing instead to bring an eviction proceeding by serving a summons and complaint after

* Hon. Morris E. Lasker, Senior Judge, United States District Court for the Southern District of New York, sitting by designation.

first serving and filing a notice to quit possession. Soon after appellees commenced the eviction proceeding in the state court, appellant commenced this action in the district court. The eviction proceeding has been stayed by the state court pending a determination in this action.

Appellant alleges that the appellees' use of the state court proceeding constitutes an action taken under color of state law which will deprive her of property in violation of the due process and equal protection clauses of the fifth and fourteenth amendments of the United States Constitution. The deprivation alleged is the decrease in the resale value of the mobile home which she believes will occur due to her inability to sell the mobile home on the lot. Appellees moved to dismiss the complaint for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). The district court granted the motion, stating that the complaint did not allege (1) any state action depriving Hancich of (2) any constitutionally protected property right. We affirm, but do not reach these issues.

■ A Connecticut statute provides a summary eviction procedure for non-payment of rent or other specified reasons ("summary process statute"). *See* Conn. Gen.Stat.Ann. §§ 47a–23 to –42 (West 1985 & Supp.1987). Under the statute, a landlord may serve upon the tenant notice to quit possession within eight days after service of the notice. *Id.* § 47a–23(a). If the tenant fails to quit possession by the time noticed, a commissioner of the Connecticut Superior Court may issue a writ, summons and complaint. The complaint may be made "returnable" six days after service upon the tenant. *Id.* § 47a–23a(a).

In *Lindsey v. Normet,* 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36 (1972), the Supreme Court was presented with a functionally indistinguishable case. That case concerned the Oregon Forcible Entry and Wrongful Detainer statute then in force,° which provided a procedure similar to Connecticut's summary process statute. As in the *Lindsey* case, the Connecticut law affords the tenant a trial with prior notice. *See* 405 U.S. at 64–65, 92 S.Ct. at 869–70;

Conn.Gen.Stat.Ann. § 47a–23a (West Supp. 1987). Appellant does not allege how the summary proceeding herein will inadequately protect any right she has to remain in possession of the lot. *See* 405 U.S. at 64–65, 92 S.Ct. at 869–70. Additionally, the Connecticut summary process statute sets forth an appellate procedure which does not contain a bonding requirement similar to that found invalid in the *Lindsey* case. *See id.* at 74–79, 92 S.Ct. at 874–77; Conn. Gen.Stat.Ann. § 47a–35a (West 1985).

■ Appellant suggests that the Connecticut statute will not afford her an adequate opportunity to litigate the issue of the alleged decreased resale value of her mobile home. *See* 405 U.S. at 65–69, 92 S.Ct. at 869–72. However, another Connecticut statute provides to a mobile home owner the opportunity to sell the mobile home on the lot. *See* Conn.Gen.Stat.Ann. § 21–79 (West 1985). Since no eviction order has yet been entered in the state court, it would be premature for a federal court to presume that appellant herein will be deprived of the benefit of this statute. Thus, we need not now decide whether depriving appellant of the opportunity set forth in section 21–79 would constitute a taking of plaintiff's property without due process.

For the foregoing reasons, we conclude that even if appellant can show that she may be deprived of some property interest under color of state law, she has not alleged that the Connecticut summary process statute is facially infirm. Accordingly, for the reasons stated in *Lindsey,* we affirm the judgment of the district court.